J-S68043-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
:
v.                             :
:
:
TIMOTHY SCHEIB, JR.          :
:
Appellant       :   No. 901 WDA 2018

Appeal from the PCRA Order May 18, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000290-2016,
CP-25-CR-0002480-2014

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:              FILED NOVEMBER 27, 2018

Appellant Timothy Scheib, Jr., appeals from the Order entered in the Court of Common Pleas of Erie County on May 18, 2018, dismissing as untimely his petition filed under the Post Conviction Relief Act.[1] We affirm.

On May 2, 2016, Appellant pled guilty to Failure to Provide Accurate Registration Information.[2] On June 29, 2016, the trial court sentenced Appellant to seventy (70) to one hundred forty (140) months of incarceration, to be served consecutively to his sentence at Docket Number 2480 of 2014. Appellant did not file a post sentence motion or a direct appeal with this Court.

On February 2, 2018, Appellant filed the instant PCRA petition pro se. The PCRA court appointed counsel and provided him with sixty (60) days in

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. § 4915.1(a)(3).

_____

*   Former Justice specially assigned to the Superior Court.

which to file a supplemental PCRA petition or a "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988)(en banc).

On April 9, 2018, counsel filed a Supplement to Motion for Post Conviction Collateral Relief wherein he sought the dismissal of the criminal charges to which Appellant had pled guilty and his ensuing sentence in light of the Pennsylvania Supreme Court's recent decision in Commonwealth v. Muniz, 640 Pa. 699, 164 A.3d 1189 (2017) (holding that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the federal ex post facto clause, as well as the ex post facto clause of the Pennsylvania Constitution). In doing so, Appellant attempted to invoke the statutory exception to the PCRA time-bar set forth in 42 Pa.C.S.A. § 9545(b) alleging "that the right and claim herein asserted was a constitutional right recognized by the Pennsylvania Supreme Court after the time period provided and has been found to apply retroactively." See Supplement to Motion for Post Conviction Collateral Relief, filed April 9, 2018, at 1.

On April 10, 2018, the PCRA court filed its Notice of Intent to Dismiss PCRA wherein it found Appellant's petition to be untimely filed and that he had failed to satisfy any of the exceptions to the PCRA's time requirements. See Notice of Intent to Dismiss PCRA, filed 4/10/18, at 3. In its Order entered on May 18, 2018, the PCRA court dismissed Appellant's petition.

Appellant filed a timely notice of appeal on June 18, 2018. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on that same date, and it filed its Opinion pursuant to Pa.R.A.P. 1925(a) on July 5, 2018, wherein it relied upon the reasoning it had set forth in its notice of intent to dismiss. See Opinion, filed 7/5/18, at 1.

In his brief, Appellant presents the following Statement of the Questions Involved:

> A.     Whether the PCRA court erred in failing to grant collateral relief under Muniz?
>
> B.     Whether the PCRA court erred in finding the PCRA filing untimely?

Brief for Appellant at 2 (unnecessary capitalization omitted).

Before reaching the merits of Appellant's claims, we must first consider whether Appellant timely filed his PCRA petition, for neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely PCRA petition. Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa.Super. 2011).

Any PCRA petition, including a second or subsequent one, must be filed within one year of the date on which the judgment of sentence become final unless the petitioner pleads and proves a timeliness exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking such review." 42 Pa.C.S.A. § 9545(b)(3). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant was sentenced on June 29, 2016, following a guilty plea. Appellant did not file a direct appeal; therefore, his judgment of sentence became final 30 days later, on July 30, 2016. Thereafter, Appellant had one year, or until July 30, 2017, in which to file timely a PCRA petition. Thus, Appellant's February 2, 2018, petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements under Section 9545(b).

As previously stated, in his PCRA petition, Appellant attempts to plead the timeliness exception set forth in Subsection 9545(b)(1)(iii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). Specifically, Appellant relies on our Supreme Court's holding in Muniz in support of his petition. PCRA Petition, 4/9/2018, at 1.

This Court has declared that, "the recent holding in Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera–Figueroa, 174 A.3d 674, 678 (Pa.Super. 2017). However, because Appellant's PCRA petition was filed untimely, unlike the petition at issue in Rivera–Figueroa, he must demonstrate that the Pennsylvania Supreme Court has held Muniz applies retroactively to untimely PCRA petitions in order to satisfy Section 9545(b)(1)(iii). Appellant's bald allegations to the contrary, because at this time our Supreme Court has not concluded the holding in Muniz is applicable to untimely-filed PCRA petitions, Appellant cannot rely on Muniz to meet that timeliness exception. Commonwealth v. Murphy, 180 A.3d 402, 405–06 (Pa.Super. 2018).[3]

Moreover, even if Appellant could have demonstrated that our Supreme Court held Muniz applies retroactively to untimely PCRA petitions, the Court decided Muniz on July 19, 2017. Thus, Appellant needed to have filed his PCRA petition within sixty (60) days of that date, the date the claim could have been presented, or by September 18, 2017. See 42 Pa.C.S.A. § 9545(b)(2); 1 Pa.C.S.A. § 1908; Appellant did not do so. Appellant makes no attempt to plead and prove the applicability of any other timeliness exception.

_____

[3] In Murphy, a case involving an untimely PCRA petition, this Court clarified that "if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, Murphy can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception in section 9545(b)(1)(iii)." Id. at 406 n.1. The same holds true for Appellant herein.

- 5 -

In light of the foregoing, we conclude that Appellant's petition was untimely, and he has not asserted an exception to the timeliness requirements. Thus, he is not entitled to relief. See Commonwealth v. Albrecht, 606 Pa. 64, 70, 994 A.2d 1091, 1095 (2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception). Accordingly, the PCRA court properly dismissed this his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/27/2018</u>